**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 27 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD NATHANIEL HURTADO,<br><br>         Petitioner-Appellant,<br><br>v.<br><br>STU SHERMAN, Warden,<br><br>         Respondent-Appellee. | No.   15-15184<br><br>D.C. No. 4:11-cv-00037-PJH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Argued and Submitted September 12, 2016
San Francisco, California

Before: GOULD and BERZON, Circuit Judges, and SESSIONS,[**] District Judge.

California state prisoner Ronald Hurtado appeals the district court's denial

of his 28 U.S.C. § 2254 habeas corpus petition challenging his convictions for

attempted murder, shooting at an occupied motor vehicle, and attempting to

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

dissuade a witness. At voir dire before Hurtado's trial, the state court denied Hurtado's for-cause challenge of a juror, referred to here as "Juror 10." The state appellate court affirmed. In his petition filed before the district court, Hurtado argued that the state trial court violated his right to an impartial jury. Although the district court denied Hurtado's petition, it granted a certificate of appealability on the juror issue.

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review the district court's denial of a habeas corpus petition de novo. *Yee v. Duncan*, 463 F.3d 893, 897 (9th Cir. 2006). To reverse the district court, we must hold that the state appellate court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d).

The Sixth Amendment requires a fair trial, including "an impartial trier of fact—a jury capable and willing to decide the case solely on the evidence before it." *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 554 (1984) (internal quotations omitted). Voir dire examination protects this right "by exposing possible biases, both known and unknown, on the part of potential jurors." *Id.* When reviewing Juror 10's voir dire answers on a habeas appeal, we

2

must be mindful that unlike the trial judge, we were not present in the courtroom. This matters because in determining juror challenges, a trial "judge's appraisal is ordinarily influenced by a host of factors impossible to capture fully in the record," including "inflection, sincerity, demeanor, candor, body language, and apprehension of duty." *Skilling v. United States*, 561 U.S. 358, 386 (2010). Appellate courts lack such impressions, and so properly grant deference to the ruling of the state trial court. *Id*.

At the beginning of questioning, some of Juror 10's answers raised legitimate concerns. When asked whether she would follow the instruction on the presumption of innocence, she responded, "I don't know. I think I've probably already in my mind decided." When asked what that decision was, she said, "I just think if [the defendant]'s made it this far, it wasn't for doing nothing." She also stated that she did not think she could be fair and impartial and that as things stood at the time, she would "lean towards guilty."

But after a lengthy explanation by the court about the presumption of innocence, the juror's role, and what does and does not count as evidence, Juror 10 began to answer differently. When asked whether she could put aside her assumptions concerning the defendant's arrest and charging and decide strictly based on the law and evidence, she responded, "Yeah, I guess." After another

3

lengthy explanation, this time by the prosecutor and followed by further questioning, Juror 10 came around. She responded affirmatively to questions about whether she could apply the presumption of innocence, whether she could find the defendant not guilty if the evidence did not persuade her beyond a reasonable doubt, and whether she could find him guilty if the evidence did so persuade her. Hurtado notes that at one point after both the court and prosecutor had given their explanations, Juror 10 answered a question about the presumption of innocence and deciding based on the evidence with "I don't know." But Juror 10 made clear that her concern at that point was not with whether she could fairly and properly decide based on the evidence. Rather, she was unsure whether she was allowed to contradict her earlier statements indicating her inability to do so. The prosecutor explained that Juror 10 was being asked to follow the rules of the trial notwithstanding her initial reactions, and Juror 10 responded that she could follow the rules. By the end of questioning, the trial court had conducted a sufficient inquiry to determine whether Juror 10 was biased, and the inquiry had yielded sufficient answers regarding her ability to decide the case impartially and based on the evidence. *See Skilling*, 561 U.S. at 386. In light of these answers and the deference courts grant trial judges on issues of juror bias, we cannot say that

4

the state appeals court's decision was objectively unreasonable or contrary to federal law established by the Supreme Court.

**AFFIRMED**.